IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3241-FL

| | | |
|---|---|---|
| JEFFREY EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LIEUTENANT MIKE COX, | ) | |
| LIEUTENANT CHRIS WORTH, and | ) | |
| SERGEANT CHUCK ARNOLD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The matter comes before the court on plaintiff's motion to consolidate (DE 9). Also before the court is defendants' motion to dismiss (DE 14) pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4), (5), and (6). Defendants did not respond to plaintiff's motion, but plaintiff responded to defendant's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies plaintiff's motion and grants defendants' motion.

**STATEMENT OF THE CASE**

On October 1, 2013, plaintiff, a pretrial detainee, filed this action *pro se* pursuant to 42 U.S.C. § 1983 against defendants Lieutenant Mike Cox ("Cox"), Lieutenant Chris Worth ("Worth"), and Sergeant Chuck Arnold ("Arnold"). Plaintiff alleged that defendants violated his rights pursuant to the Fourth Amendment to the United States Constitution in connection with the use of a global positioning system ("GPS") tracking device on his vehicle.

On April 28, 2014, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4), (5), and (6). Specifically, defendants assert that the court lacks subject

matter jurisdiction over plaintiff's claim because plaintiff failed to exhaust his administrative remedies prior to filing this action. Defendants also argue that plaintiff failed to obtain sufficient service of process on defendants and that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed.

In the interim, plaintiff filed a motion to consolidate this case with another case plaintiff filed in this court, Edwards v. Winders, No. 5:13-CT-3184-FL (E.D.N.C. filed Aug. 5, 2013) (Edwards I). On August 15, 2014, the court in Edwards I denied plaintiff's motion to consolidate.

### STATEMENT OF THE FACTS

The facts as alleged by plaintiff in his complaint are as follows:

> On March 18, 2013[,] I noticed I was being followed by a sheriff Explorer with sheriff decal on it at the uniform shop off Eleventh Street. I was follow to Daisy Street by a gray 4-runner <the driver turned out to be Lt. Mike Cox>[.] I had noticed a law enforcement presence for four of 5 days prior to getting stop March 18, 2013. I was pulled over March 15, 2013 by a deputy for so call bright lights by Deputy Sparks <I believe>[.] On March 18, 2013[,] around 3:30 pm I was with a friend and was box in by Wayne Co. Narcotic squad they went back to my friends house and charged me with manufacturing crack. Five days later, my sister Tracey Horne and nephew Quinte Horne checked under the car discovered a GPS tracking device tried to turn it into Sheriff department they wouldn't take it so I told them to turn it over to my attorney John Gomulka on Monday that Sunday 3/24/13 it was a lot of activity by narcotic unit on Nahunta Rd. Pikeville, N.C. Were my nephew had put it scared that if it was taking to the house the deputies would come. They couldn't locate it (GPS device). On Monday 3/25/13[,] my nephew Quinte Horne took The GPS device to my attorney [] at around lunch time. Attorney John Gomulka stated to me-when I inquired about a lawsuit and felony charges concerning GPS device on the Wayne C. Sheriff-that he came to work one morning saw officer Mix Cox and Chris Worth with other officers on his steps asking about The GPS monitoring device. I asked if he saw a warrant, Mr. John Gomulka stated I was told by Cox and Worth that they had a warrant can't see

> why they would lie. He told me to let it go that it was over. [L]ater,
> I was told The same thing again.

(Compl. pp. 4-5) (restating the facts as set forth by plaintiff without correcting grammatical errors).

As relief, plaintiff requests compensatory damages and declaratory relief. Plaintiff additionally requests that felony criminal charges be filed against each defendant. (Id. p. 4.)

## DISCUSSION

A.  Motion to Consolidate

Plaintiff filed his motion to consolidate in both this case and in Edwards I. On August 15, 2014, the court denied plaintiff's motion to consolidate in Edwards I. For the reasons stated in the August 5, 2014, order in Edwards I, plaintiff's motion to consolidate in this case is DENIED.

B.  Motion to Dismiss

  1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled

to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

    2.    Analysis

        a.    Exhaustion of Administrative Remedies

Defendants raise the affirmative defense that plaintiff failed to exhaust his administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Here, defendants make the unsupported assertion that plaintiff failed to exhaust his administrative remedies before filing the instant action. However, failure to exhaust administrative remedies is an affirmative defense, and "need not be alleged by the plaintiff in his complaint." Anderson, 407 F.3d at 677. Defendants have presented no evidence to support their affirmative defense. Thus, the court DENIES defendants' motion to dismiss as to this ground.

b.  Failure to State a Claim

Plaintiff alleges that defendants Arnold, Cox, and Worth violated his Fourth Amendment rights. Defendant Arnold contends that his motion to dismiss should be granted because plaintiff failed to make any allegations against Arnold in plaintiff's complaint. Arnold is correct, plaintiff failed to provide any factual support for plaintiff's Fourth Amendment claim against him. Thus, plaintiff's claim against Arnold is DISMISSED without prejudice. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (finding *pro se* complaints require a minimum level of factual support.)

The court now turns to plaintiff's Fourth Amendment claim against Cox and Worth. Plaintiff brought his Fourth Amendment claim against these defendants in connection with the placement of a GPS tracking device on his motor vehicle. The United States Supreme Court in United States v. Jones, __ U.S. __, 132 S.Ct. 945 (2011), held that the government's "installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search'" within the meaning of the Fourth Amendment. Id. at 945.

Plaintiff's complaint is not a model of clarity. The court initially construed plaintiff's claim as a Fourth Amendment challenge to the alleged use of a warrantless GPS tracking device. However, plaintiff states in his complaint that his attorney, representing him in his related North Carolina State criminal charges, repeatedly informed plaintiff that there was a warrant for the contested GPS tracking device. (Compl. p. 5.) Regardless of whether there was a warrant for the GPS device, plaintiff has not provided sufficient factual support to state a Fourth Amendment claim against defendants Cox and Worth. For instance, plaintiff has not set forth facts connecting defendants Cox or Worth to the contested search. See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."); Iqbal, 556 U.S. at 676 (stating that a plaintiff must allege the personal involvement of a defendant in a § 1983 action). Nor has plaintiff alleged that the contested GPS device was used to effectuate the arrest at issue. Rather, plaintiff merely states that he observed Cox following him and that Cox and Worth asked plaintiff's attorney about the GPS tracking device. These allegations are insufficient to state a Fourth Amendment claim against Cox and Worth.[1] Thus, plaintiff's Fourth Amendment claim against Cox and Worth is DISMISSED without prejudice.[2] See White, 886 F.2d at 723.

    c.    Supplemental Jurisdiction

To the extent plaintiff alleges any negligence-related state law claims, the court declines to exercise jurisdiction over such claims. A district court may decline to exercise supplemental jurisdiction over a claim if the district court dismisses all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); see Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). The court has dismissed plaintiff's § 1983 claims, which were the sole claims over which it had original jurisdiction. In the interest of judicial economy, fairness, and comity, the court will not exercise supplemental jurisdiction over plaintiff's state law negligence claims. Thus, plaintiff's state law negligence claims are dismissed without prejudice.[3]

---

[1] Plaintiff briefly states in his response to defendants' motion that the GPS search was warrantless. Plaintiff, however, does not remedy the above-stated deficiencies in providing factual support for this claim.

[2] As for plaintiff's request that court initiate criminal charges against defendants, even if plaintiff stated a claim against defendants, he would not be entitled to this relief because a citizen does not have a constitutional right to initiate criminal prosecutions. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Walker v. Webster, No. 3:06CV454-01-MU, 2006 WL 3511335, at *3 (W.D.N.C. Dec. 5, 2006).

[3] Pursuant to 28 U.S.C. § 1367(d), the state statute of limitations period shall be tolled for a period of at least thirty (30) days after dismissal. Estate of Manook v. Research Triangle Institute, Intern, No. 5:10-CV-72-D, 5:10-CV-73-D, 2010 WL 3199874, at *5 (E.D.N.C. Aug. 12, 2010); Coleman v. Smith, No. 3:08-3675-JFA, 2010 WL 569662 at *4 n.3 (D.S.C. Feb. 11, 2010); Futick v. Mills, No. 4:08-1749-CMC-TER, 2008 WL 5378266, at *1 (D.S.C. Dec. 24, 2008); but see, Katema v. Midwest Stamping Co., 180 F. App'x 427, 428 (4th Cir. 2006) (finding that the district court abused its discretion in declining to exercise its supplemental jurisdiction under § 1367 because plaintiff's state law claims would be time-barred in state court and because the court had diversity jurisdiction over plaintiff's claim).

## CONCLUSION

Based upon the foregoing, plaintiff's motion to consolidate (DE 9) is DENIED. Defendants' motion to dismiss (DE 14) is GRANTED, and the action is DISMISSED without prejudice.

SO ORDERED, this the 3rd day of December, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge